IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HELM, *et al.*

      Plaintiffs,

  v.

ALDERWOODS GROUP INC., *et al.*

      Defendants.

No. C 08-01184 SI

**ORDER DENYING MOTION TO STAY**

Plaintiffs' motion to stay is currently scheduled for hearing on October 28, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiffs motion.

On April 4, 2011, after the Court denied plaintiffs' renewed motion for class certification, defendant filed a renewed motion to sever. Plaintiff argued in response, and the Court agreed, that the Court retained CAFA jurisdiction over all of the claims in the case. Plaintiff requested, and the Court ordered, that the Court transfer the claims of those plaintiffs who do not reside in the Northern District of California to the federal district courts where the plaintiffs reside. The Court severed and transferred the claims of eighty three plaintiffs to various district courts throughout the country, without requiring plaintiffs to pay additional filing fees. *See* Order re: Motion to Sever (Doc. 315).

Before the Clerk of the Court transferred the claims, plaintiffs filed a motion to stay the Court's order, arguing that it would be more efficient to wait until the Western District of Pennsylvania ruled on a motion for decertification in *Prise, et al. v. Alderwoods Group, Inc.*, Case No. 06-1641. Defendant opposes the motion.

1  This case was filed in state court in 2007. The Court's order that plaintiffs now wish to stay granted plaintiffs precisely the relief plaintiffs requested. The *Prise* motion for decertification had been briefed, argued, and briefed again before this Court heard arguments on defendants' renewed motion to sever, and plaintiffs never once suggested that a stay of proceedings was either appropriate or necessary before the Court issued its severance order. The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court declines to exercise its discretion to stay the severance order and DENIES plaintiffs' motion. (Doc. 321.)

Forthwith, the Clerk of the Court shall transfer the severed claims pursuant to the Court's July 22 Order re: Motion to Sever.

**IT IS SO ORDERED.**

Dated: August 30, 2011

SUSAN ILLSTON
United States District Judge

2